## Mullinax et al. v. City of Middlesboro et al.

(Decided Feb. 7, 1933.)

CHAS. E. HERD and R. L. POPE for appellants.

J. E. SAMPSON, WALTER B. SMITH, BAILEY P. WOOTTON, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Affirming.

This suit was begun by the city of Middlesboro to enforce for the benefit of the contractors certain apportionment liens against property abutting on a public street of that city which had been constructed under ordinances, the legality of which is not here questioned. The property owners by an answer and cross-petition many times amended sought to compel the State Highway Commission to pay the cost of this street on the theory that, under section 4356t-8 of the 1922 Edition of the Statutes (now since repealed), it was the duty of the State Highway Commission to build this street

since it was a part of a state highway project No. 5a as described in chapter 214 of the Acts of 1926. The lower court sustained a demurrer to this answer and cross-petition as amended, and, on the property owners declining to plead further, rendered a judgment in favor of the city of Middlesboro enforcing the apportionment liens, and dismissing the cross-petition of the property owners. In so far as the court dismissed their cross-petition against the State Highway Commission, the property owners have appealed from the judgment. Section 4356t-8 of the 1922 Edition of the Statutes reads:

"When any primary road herein designated must pass through a city or town, the State Highway Commission is hereby empowered to enter into a contract with such city or town for the construction of such road if the road through the city or town is to be different from the road constructed outside of the city or town, but if the road is the same the cost thereof shall be paid as is the cost of other roads designated herein. In the event it is necessary to construct a road or street at a greater cost than is paid for construction of a like lineal mileage outside of the city or town, such city or town must pay the additional cost of construction, and the details shall be agreed upon between such city or town and said State Highway Commission."

Project 5a as described in chapter 214 in the Acts of 1926 reads thus:

"From a point on project No. 5, at the Belt Line road near Binghamtown, in the northern city limits of Middlesboro, Kentucky, by way of the Belt Line road, Donovan Hill, Stony Fork and Fonde, to a point at or near Pruden, Tennessee, on the Kentucky-Tennessee State line."

The road as thus described begins at the northern city limits of Middlesboro and runs along the northern boundary of that city and within the city limits to the western boundary, where it leaves the city and enters the county on its way to Pruden. The State Highway Commission has constructed the road from this western boundary of the city of Middlesboro to its terminus at or near Pruden, but has constructed no part of this project 5a that lies within the city limits of Middles-

boro. The street, for the construction of which the apportionment liens here involved were sought to be enforced, is a portion of that part of project 5a which runs from the western boundary of Middlesboro to the terminus of that project in the northern city limits of that town. We need not determine the precise scope to be given to this section 4356t-8 of the Statutes. The State Highway Commission was not compelled by law when it undertook to construct project 5a to construct all of it at that time. It could construct any portion or section of it as it saw fit, leaving the rest to be completed at some future time. See Kentucky Statutes, 1922 Edition, sec. 4356t-3 (cf. section 4356t-3f, 1932 Supplement to Kentucky Statutes). This being true, then, until the State Highway Commission determined to build any particular portion or all of project 5a, it could not be required to do so by a mandamus proceeding or be made liable for the cost of such construction if some other agency of the state having authority to do so did construct any portion of that project.

Now in the case of Shaver v. Rice, 209 Ky. 467, 273 S. W. 48, 50, it was held that section 4356t-8 of the Statutes, now under discussion, did not repeal charter provisions of the cities of this commonwealth authorizing them to construct and reconstruct their streets in the manner provided by those charters. We there said:

"The enaction of the two sections of the state road law quoted above did not have the effect of repealing the statutes then existing authorizing cities and towns to construct and maintain their streets according to any of the plans then provided for by law. Those two sections of the statute mean, and can only mean, that whenever funds become available, and the road department takes over and undertakes to construct any of the primary system of highways within the corporate limits of cities and towns of the commonwealth, the plan provided for in those sections of the statute must be followed. Until such time cities and towns have authority, under the provisions of their respective charters, to construct, reconstruct, and keep in repair their streets under any of the plans provided for them."

It follows, therefore, that, although the State Highway Commission had authority to construct that part of

project 5a which lay within the city limits of Middlesboro, yet until the highway commission exercised that authority the town was not without statutory authority itself to construct any street within its limits forming a part of that project and to charge the cost to the abutting property owners as the charter of Middlesboro prescribed. Therefore, in so far as appellants relied on section 4356t-8 of the 1922 Edition of the Statutes to fasten liability on the highway commission, the lower court committed no error in sustaining the demurrer to their answer and cross-petition.

However, appellants seek to spell out a contract between the county of Bell and the State Highway Commission, whereby the State Highway Commission undertook to build all of project 5a, not only outside of, but also inside of, the city limits of Middlesboro. With this alleged contract in mind, and relying on the case of Board of Councilmen of City of Frankfort v. State Highway Commission, 236 Ky. 253, 32 S. W. (2d) 1008, appellants argue that the court erred in sustaining the demurrer to their answer and cross-petition. It would extend this opinion to interminable length were we to undertake to set out all of the orders of the fiscal court of Bell county and those of the State Highway Commission from which it is sought to deduce the conclusion that a contract such as we have described was made. Suffice it to say that these orders utterly fail to establish any such contract as the appellants are insisting upon. At the best, they simply provide for the construction of a highway *from* the city of Middlesboro to Fonde. It is hardly to be presumed that the county of Bell was interested in having the money raised from a county bond issue spent in the improvement of the streets of the city of Middlesboro, and the orders of the fiscal court of Bell county do not evidence any such intention. The appellants failing to establish any contract as claimed in their argument, their conclusion necessarily falls.

Perceiving no error in the judgment of the trial court, it is affirmed.